**Francis R. RITCHIE, as Trustee in Bankruptcy for Drentex Pre-Stressed Concrete Corp., Plaintiff,**

v.

**HEFTLER CONSTRUCTION COMPANY OF PUERTO RICO, Inc., Defendant.**

Civ. No. 509-65.

United States District Court
D. Puerto Rico.
March 2, 1966.

William B. Graves, Santurce, P. R., for plaintiff.

José M. Calderón Cerecedo, Hato Rey, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on the petition of the defendant, Heftler Construction Company of Puerto Rico, Inc., requesting that this action be dismissed because the complaint fails to state a claim upon which relief under the plenary jurisdiction of the Court may be granted.

Under the most recent decision of the Supreme Court, the settled rule appears to be that no resort to plenary

proceedings may be had for determining issues, such as those involved herein, which fall within the summary jurisdiction of the bankruptcy court. See: Katchen, Petitioner v. Landy, Trustee in Bankruptcy, etc., 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391. Decided January 17, 1966.

 Under said decision, the claims asserted herein by the Trustee can and should be summarily ventilated in the bankruptcy court while passing upon the allowance or disallowance of the proof of claim filed in said court by the herein defendant and any cross claims or counterclaims that the Trustee may deem convenient to allege against said proof of claim.

Moreover, it appears from the allegations of the complaint herein that the Trustee Plaintiff, conversant with the provisions of Sec. 23(b) of the Bankruptcy Act, 11 U.S.C. Sec. 46(b) has invoked this Court's jurisdiction under Title 48, U.S.C. Sec. 863 (see Par. 1—Jurisdictional allegations).

It appears, however, from Par. 5 of said Jurisdictional Allegations, that the bankrupt, Drentex Pre-Stressed Concrete Corporation, for whom the Trustee appears as the sole plaintiff in this action and whose residence governs the plaintiff's side for the purposes of jurisdiction, has its principal place of business in the Commonwealth of Puerto Rico and that the only defendant herein (see Par. 6 of said Jurisdictional Allegations) Heftler Construction Company of Puerto Rico, Inc. also has its principal place of business in the Commonwealth of Puerto Rico. As all of the parties on both sides of the controversy have their principal place of business in the Commonwealth of Puerto Rico and thus no one of them is domiciled elsewhere, this court's jurisdiction under Title 48 U.S.C. Sec. 863, invoked by plaintiff does not exist.

On the same basis neither would this Court have diversity jurisdiction under Sec. 1332, Title 28 U.S.C.A.

Therefore, defendant's petition to dismiss must be granted and this action should be ordered dismissed for lack of plenary jurisdiction of the court on the controversy posed by the complaint.

It is so Ordered.

The Clerk shall, accordingly, enter a judgment of dismissal.